Filed 3/18/25  P. v. Soto CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101448 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22CF03465, 24CF01529, 24CF01926) |
| v. | |
| RICARDO ANTONIO SOTO, | |
| Defendant and Appellant. | |

Defendant Ricardo Antonio Soto appeals the trial court's judgment sentencing him to an aggregate sentence of three years eight months.  He complains the trial court abused its discretion: (1) in failing to recognize his posttraumatic stress disorder (PTSD) as a supermitigating factor requiring express findings under Penal Code[1] section 1170,

---

[1] Undesignated statutory references are to the Penal Code.

1

subdivision (b)(6); and (2) otherwise failing to consider factors in mitigation.  We disagree and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2022, a complaint was filed in case No. 22CF03465 (the 2022 resisting case) alleging Soto made criminal threats (§ 422, subd. (a); count 1) and resisted an executive officer (§ 69, subd. (a); count 2).  Soto applied for mental health diversion on August 4, 2022, but withdrew that application when he pled no contest to resisting an executive officer.  In exchange for his plea, the remaining count of making criminal threats was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

According to the probation department's presentence report, Soto blamed his criminal behavior in the 2022 resisting case on a misunderstanding concerning statements he made while suffering from a severe toothache.  Specifically, he had threatened to slit his own throat.  Soto also told the probation officer that he had been previously diagnosed by an unknown doctor/clinic with PTSD, paranoia, and schizophrenia.[2]  As to Soto's recommended sentence, the report advised that he was ineligible for probation without an unusual case finding[3] (§ 1203, subd. (e)(4)) and reflected no factors supporting such a finding.  The report also did not identify any factors in mitigation.  (See Cal. Rules of Court, rule 4.423.)[4]  Nonetheless, the probation report recommended a grant of probation.

---

[2]  Because Soto's briefing on appeal focuses on his PTSD, rather than any alleged paranoia or schizophrenia, so will this opinion.

[3]  The probation report did not specifically identify why this was so, but the probation department's criminal record summary reflects that Soto had suffered two prior felony drug convictions.  (§ 1203, subd. (e)(4).)

[4]  Undesignated rule references are to the California Rules of Court.

Consistent with the probation department's recommendation, on September 29, 2022, the trial court found Soto eligible for probation as an unusual case under section 1203, subdivision (e)(4) and rule 4.413 "in that the offense was possibly committed due to a mental condition not amounting to a defense, but there was [a] high likelihood he would respond favorably to mental health care and treatment as a condition of Probation."[5]  The court suspended imposition of sentence and placed Soto on probation for three years under specified terms and conditions.  Thereafter, Soto admitted violating his probation in December 2022 by violating a protective order and in September 2023 by failing to report to his probation officer as directed.

On April 2, 2024, the People filed a second complaint, case No. 24CF01529 (the vehicle theft case), alleging Soto drove or took a vehicle without consent (Veh. Code, § 10851, subd. (a); count 1).  On April 26, 2024, the People filed a third complaint, case No. 24CF01926 (the possession case), charging Soto with carrying a dirk or dagger (§ 21310; count 1) while released on bail or his own recognizance (§ 12022.1); resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 2); possession of burglar's tools (§ 466; count 3); and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 4).

On May 16, 2024, the People filed an amended complaint in the possession case reducing count 1 from a felony to a misdemeanor.  Soto resolved the possession case by pleading no contest to misdemeanor possession of a dirk or dagger and resisting a peace officer, and the remaining counts and allegations were dismissed with a *Harvey* waiver. He also pled no contest to the vehicle theft case.  As a result of the plea agreement, the trial court found Soto in violation of his probation in the 2022 resisting case.

---

[5]  The only information in the record supporting this finding was Soto's original request for mental health diversion and his statement to the probation officer regarding his previous mental health diagnoses of unknown origin.

The probation department's June 2024 supplemental probation report detailed Soto's "extremely poor" performance on probation including his repeated failures to comply with probation requirements, i.e., absconding, committing new law violations, and failure to enroll in and complete a batterer's treatment program. Soto told the probation officer: "I just know being homeless in the streets with my mental health is not good and a big factor. Sometimes I feel lost, I try to get help from resources like Ampla Health, Behavioral Health and Butte College." Soto explained his ex-girlfriend helped him take his medication, but he lost her because of unspecified "mental health issues." Soto further complained that being locked up for "over half [his] life has been no help in addressing [his] mental health issues." He claimed that he tried to address his mental health issues while on probation, but "became depressed and gave up on life." Soto admitted using marijuana and tobacco, but otherwise denied drug and alcohol use. He requested reinstatement on probation. Probation recommended an aggregate prison term of three years eight months, which included an upper term sentence of three years for driving or taking a vehicle without permission. The report did not identify any factors in mitigation.

At the sentencing hearing on June 13, 2024, Soto's attorney asked the trial court to impose a middle term sentence consistent with the probation department's 2022 recommendation, highlighting Soto's unspecified "mental health issues," that the crimes were not violent, and counsel's evaluation of the aggravating factors. Counsel did not mention section 1170, subdivision (b)(6) or suggest the court should impose a low term sentence. The People simply asked the court to follow probation's recommended sentence.

The trial court denied Soto's request for probation and sentenced him to the upper term of three years in the vehicle theft case, highlighting his "prior nonperformance on probation, and his increasing criminality." (Rule 4.421(b)(2), (5).) The court also imposed eight months consecutive (one-third the middle term) for resisting an executive

4

officer in the 2022 resisting case. Further, the court imposed two one-year concurrent terms for the two counts in the possession case. Finally, the trial court awarded 101 days of custody credit in the vehicle theft case and 288 days of custody credit in the 2022 resisting case. Soto did not object to this sentence or otherwise suggest that he was entitled to the application of section 1170, subdivision (b)(6). Soto timely appealed in all three cases and did not request a certificate of probable cause.

DISCUSSION

Soto argues the trial court abused its discretion in sentencing him to three years eight months because: (1) he suffered from psychological trauma derived from his PTSD that contributed to his offense thus constituting a supermitigant requiring specified findings under section 1170, subdivision (b)(6); and (2) the trial court otherwise failed to consider factors in mitigation when sentencing him. We are not persuaded.

A.   *Section 1170, Subdivision (b)(6)*

Section 1170, subdivision (b)(6) creates a presumption in favor of the lower term sentence if a defendant's psychological, physical, or childhood trauma contributes to the commission of the offense. (§ 1170, subd. (b)(6).) Further, case law has recognized that psychological trauma caused by mental illness may qualify under section 1170, subdivision (b)(6) if that trauma also contributed to the offense. (*People v. Banner* (2022) 77 Cal.App.5th 226, 241.)

Soto contends the trial court erred in failing to recognize that trauma from his PTSD contributed to the offense thus constituting a supermitigant (§ 1170, subd. (b)(6)) requiring reversal for resentencing. However, Soto has failed to preserve this issue for appeal by not objecting in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 351-356 (*Scott*); see also *People v. Tilley* (2023) 92 Cal.App.5th at p. 778 [the defendant's failure to raise § 1170, subd. (b)(6) forfeited arguments concerning its applicability on appeal].)

5

As explained in *Scott*, "the right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have required parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim." (*Scott*, *supra*, 9 Cal.4th at p. 351, italics omitted.) The rationale behind this rule is simple, "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Id.* at p. 353.) Included in these waivable issues are "complaints about the manner in which the trial court exercises its sentencing discretion." (*Id.* at p. 356.)

Soto never argued his unspecified struggles with PTSD warranted application of the presumption in favor of a low term sentence described in section 1170, subdivision (b)(6). On the contrary, his counsel argued for imposition of a middle term sentence consistent with section 1170, subdivision (b)(1) and (2). Accordingly, he has forfeited his supermitigant section 1170, subdivision (b)(6) argument on appeal. (*Scott*, *supra*, 9 Cal.4th at pp. 351-353; *People v. Tilley*, *supra*, 92 Cal.App.5th 772, 778.)

B.      *Other Factors in Mitigation*

Soto alternatively argues the trial court erred in failing to consider other factors in mitigation when sentencing him, specifically complaining about the court's failure to consider his mental illness and whether the offense was violent. We are unpersuaded.

To the extent Soto's complaints arise from the probation department's failure to identify any factors in mitigation in its presentencing report, he forfeited that claim by not objecting at sentencing. (See *People v. Welch* (1993) 5 Cal.4th 228, 234 ["It is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal."].)

6

Nor has Soto demonstrated that the trial court abused its discretion by failing to consider relevant mitigating circumstances. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) Rather, we presume the trial court was aware of and followed the applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), that it "considered all of the relevant factors" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and that it acted to achieve legitimate sentencing objectives (*Carmony*, at pp. 376-377). " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court['s] . . . discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Ibid*.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

Here, Soto has not shown that the trial court failed to consider whether the underlying offense was violent (§ 1385, subd. (c)(2)(F)) or that his mental illness should mitigate his responsibility (rule 4.423(b)(2), (4)). On the contrary, both his mental illness and the nonviolent nature of his crimes were highlighted by Soto's counsel in support of his request for a middle term sentence, and we presume the court considered all relevant factors absent an affirmative showing to the contrary. (*People v. Myers*, *supra*, 69 Cal.App.4th at p. 310; rule 4.409.) Further, the record reflects that the trial court weighed the factors before it and determined an upper term sentence was warranted in light of Soto's dismal performance on probation and increasing criminality. (Rule 4.421(b)(2), (5).) That the trial court disagreed with Soto's assessment of these

factors does not mean that no reasonable person could agree with the court's decision. (*People v. Carmony, supra*, 33 Cal.4th at p. 377.) Accordingly, Soto has not demonstrated an abuse of discretion.

DISPOSITION

The judgment is affirmed.

_____/s/_____<br>
BOULWARE EURIE, J.

We concur:

_____/s/_____<br>
KRAUSE, Acting P. J.

_____/s/_____<br>
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.